**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gary Y. Sussman
Assistant U.S. Attorney
gary.sussman@usdoj.gov
(503) 727-1030
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 9, 2025

Matthew McHenry
Levine & McHenry
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204

Re:   *United States v. Robert Jacob Hoopes*, Case No. 3:25-cr-00210-AN
      Plea Agreement Letter

Dear Counsel:

1.   **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.   **Charges**:  Defendant agrees to plead guilty to Count 1 of the indictment, which charges aggravated assault of a federal employee with a dangerous weapon resulting in bodily injury, in violation of Title 18, United States Code, Sections 111(a) and (b).

3.   **Penalties**:  That crime is a felony punishable by up to 20 years' imprisonment, a $250,000 fine, a three-year term of supervised release, and a $100 fee assessment.  Defendant agrees to pay the fee assessment on the day of sentencing or explain to the Court why this cannot be done.  Defendant also agrees to pay restitution as set forth below.

4.   **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring new or additional federal criminal charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.   **Elements and Factual Basis**:  In order for defendant to be found guilty of Count 1 of the indictment, the government must prove the following elements beyond a reasonable doubt:

   (i)   Adult Victim 1 (AV1) was an officer or employee of the United States.

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 2

---

    (ii)    Defendant forcibly assaulted AV1.

    (iii)    Defendant did so while AV1 was engaged in, or on account of the performance of AV1's official duties.

    (iv)    Defendant used a dangerous weapon or inflicted bodily injury on AV1

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

a. On or about June 14, 2025, AV1 was employed as an Enforcement and Removal Officer by the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), and was stationed inside the ICE office building located at 4310 S. Macadam Avenue, in Portland, Oregon. AV1, along with other ICE and Homeland Security personnel, were tasked with protecting the ICE building from protestors who were gathered outside, some of whom engaged in violent protest activities. AV1 was a federal officer, and was wearing an official uniform.

b. The ICE building is equipped with video surveillance cameras. Protestors, including defendant, attempted to breach the ICE building. Defendant was seen carrying a large rock, which he threw at officers who were inside the building when one of the officers opened a door to the building.

c. Defendant, along with other protestors, attempted to wedge a "Lime" rental scooter up against an entry door to the ICE building, in an apparent attempt to prevent officers who were inside the building from opening the door. When AV1 opened the door to remove the scooter, defendant reached around the door and threw a large rock directly at AV1 at close range  The rock struck AV1 above his right eye, causing a laceration that required medical attention. AV1 got a good look at defendant as defendant threw the rock.

d. A short time later, defendant, along with two other protestors, attempted to use an upended stop sign as a battering ram and struck the glass entry door to the ICE building multiple times, causing damage to the door.

e. AV1 identified defendant from a photo that appeared on Oregonlive.com later that same day. Defendant's face was visible in the photo, as was a prominent tattoo on his left forearm. Investigators later identified defendant, and confirmed that he had an identical tattoo.

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 3

---

    f.    Investigators obtained and executed a federal search warrant at defendant's residence in Northeast Portland. They recovered the distinctively patterned shirt and the full-face respirator with bright pink or purple filter cups defendant wore at the time of the assault. They also recovered the silver bracelet he wore on his left wrist, as depicted in the Oregonlive.com photo.

    g.    The U.S. General Services Administration received an estimate of the cost of repairing the damaged door at the ICE building. The estimated repair cost was $7,747.72.

6.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.    **Relevant Conduct/Sentencing Guideline Calculations**: The parties agree that defendant's relevant conduct includes all of the unlawful conduct alleged in each count in the indictment. The parties agree that the following sentencing guideline calculations presently apply to this case.

| | |
|---|---|
| Base offense level [U.S.S.G. § 2A2.2(a)] | 14 |
| Use of dangerous weapon [§ 2A2.2(b)(2)(B)] | +4 |
| Bodily injury [§ 2A2.2(b)(3)(A)] | +3 |
| Conviction under 18 U.S.C. § 111(b) [§ 2A2.2(b)(7)] | +2 |
| Official victim/law enforcement officer [§ 3A1.2(c)(1)] | +6 |
| **Adjusted offense level** | **29** |

8.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.    **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range, as long as defendant demonstrates an acceptance of responsibility as explained above. Defendant may seek a lower sentence, but not less than 24 months' imprisonment. Each party may argue for an appropriate term of supervised release within the statutory range.

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 4

---

10. **Variance for Early Disposition**: Provided defendant accepts this plea offer before December 15, 2025, the USAO will recommend a two-level downward variance from the applicable sentencing guideline range as determined by the Court for agreeing to an early disposition of this case.

11. **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek an additional downward variance from the applicable sentencing guideline range determined by the Court, which the government may oppose, but agrees to neither seek nor argue for a sentence below 24 months' imprisonment.

    B.  If defendant seeks an additional downward variance, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, defendant will not oppose a government motion to continue the sentencing hearing.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of his conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the U.S. Probation Office. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the Probation Office and the Court of the facts and law related to defendant's case. Except as set forth in this

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 5

---

agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16.  **Restitution**: Defendant agrees to pay restitution to AV1 in the full amount of AV1's losses caused by defendant's conduct, as determined by the Court. In addition, defendant agrees to pay restitution to the General Services Administration in the full amount of the damage defendant caused to the door of the ICE building, even though the count of the indictment dealing with such loss will be dismissed as part of this plea agreement.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the Court determines that defendant knowingly and willfully refused to pay a fine or restitution as ordered or failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 6

---

records to verify financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, he must notify the USAO of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.     **Use of Plea-Related Statements**: Except under circumstances where the Court, acting on its own, fails to accept this agreement, defendant agrees that, upon signing this agreement, the facts that defendant has admitted under this plea agreement as set forth above, as well as any facts to which defendant admits in open court at defendant's plea hearing, shall be admissible against defendant under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and defendant expressly waives defendant's rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts defendant admits in conjunction with this plea agreement.

18.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

/ / /

/ / /

/ / /

Matthew McHenry
Re: Robert Jacob Hoopes Plea Agreement Letter
December 9, 2025
Page 7

---

19.  **Deadline**: This plea offer expires if not accepted by 5:00 pm on December 15, 2025.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

*/s/ Gary Y. Susman*
GARY Y. SUSSMAN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

16 December, 2025
Date

ROBERT JACOB HOOPES
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

12/16/25
Date

MATTHEW McHENRY
Attorney for Defendant